**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CDM AUTO WHOLESALE, INC.**,

      Plaintiff,

      v.                                                        **CIV NO. 00-166 DJS/RLP**

**CINDY L. JENSEN and ALBUQUERQUE LINCOLN MERCURY, INC.**,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before this Court on Defendant Albuquerque Lincoln Mercury's Motion for Summary Judgment filed May 2, 2001 (Docket No. 23). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendant Albuquerque Lincoln Mercury seeks judgment in its favor and dismissal of the claims against it.

      **FACTUAL BACKGROUND**

      The instant action is a civil action brought pursuant to the Motor Vehicle Information and Cost Savings Act ("Odometer Act"), 49 U.S.C. §§32701-32711. That Act requires, in part, a written disclosure of the cumulative mileage registered on the odometer of a motor vehicle or disclosure that the actual mileage the vehicle has traveled is unknown if the odometer reading is different from the miles the vehicle has traveled. 49 U.S.C. §23705. Further, a person transferring ownership of a motor

vehicle may not give a false statement to the transferee in making such a disclosure. 49 U.S.C. §32705. A person who violates the requirements of the Act with intent to defraud is liable for three times the actual damages or $1500, whichever is greater. 49 U.S.C. §32710(a). In addition, costs and attorney's fees are available. 49 U.S.C. §32710(b).

Plaintiff purchased a used 1992 Ford Explorer from Defendant Albuquerque Lincoln Mercury in August, 1998. Albuquerque Lincoln Mercury obtained the vehicle from Defendant Cindy Jensen when she traded it in on a new vehicle. At the time, Ms. Jensen was an employee of Albuquerque Lincoln Mercury. After Plaintiff purchased the Explorer for $7,000, it sold the vehicle to Reliable Chevrolet for $9,000. In turn, Reliable Chevrolet sold the vehicle to David Madsen for $11,998. At the time Plaintiff purchased the vehicle, the odometer registered 13,801 miles and Ms. Jensen had signed a written disclosure statement that those were the actual miles on the vehicle. When Mr. Madsen brought the Explorer in for servicing it was discovered that the vehicle's true mileage was 113,801 miles at the time it was traded in by Ms. Jensen. Reliable Chevrolet took the vehicle back from Mr. Madsen and refunded his purchase price. Plaintiff then reclaimed the Explorer from Reliable Chevrolet and refunded that company $11,998. Plaintiff resold the vehicle for $4,500. Plaintiff then brought the instant action against Albuquerque Lincoln Mercury and Cindy Jensen alleging odometer fraud and seeking treble damages as provided by the Odometer Act.

**STANDARD OF LAW**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Adickes v. S. H. Kress & Co.</u>, 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute.

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87.

Simple negligence is not sufficient to impose liability under the Odometer Act. Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1284 (10th Cir. 1998). Rather, the transferor must have acted with reckless disregard to be held civilly liable under the Act. Id. However, an automobile dealer cannot escape liability under the Act by relying solely on the odometer reading of a vehicle and the assertions of the previous owner. Id. In fact, the failure by an automobile dealer to take steps to independently verify the accuracy of an odometer reading constitutes reckless disregard for the purposes of the Act. Id.

**DEFENDANT ALBUQUERQUE LINCOLN MERCURY'S MOTION**

Defendant Albuquerque Lincoln Mercury contends that it is entitled to summary judgment because Plaintiff cannot establish that it had an intent to defraud as required for liability pursuant to the Odometer Act. In support of its motion for summary judgment, Defendant submitted the affidavit of Fred Hopps, who was the used car manager for the company when Defendant Jensen traded in the Explorer. In that affidavit, Hopps states that he had been told by Cindy Jensen that she had worked at other car dealerships prior to working for Defendant Albuquerque Lincoln Mercury. Affidavit of Fred Hopps filed May 2, 2001. Hopps further stated that he assumed that Defendant Cindy Jensen had the use of demonstration vehicles at her previous jobs, based upon his experience in that field. Id. Hopps states that when Defendant Jensen traded in the Explorer, he visually inspected the vehicle

to determine if its condition was consistent with the mileage registered on the odometer. Id. He found no evidence that the vehicle had been repainted and the vehicle had all original, factory-installed parts. Id. Further, all the factory stickers on the vehicle were original. The vehicle drove well and its interior was in good condition, with no fading and very little wear on the upholstery or dash. Id. In addition, the vehicle had no sign of hail damage and the windshield had few pits and little scarring. Id. Based upon his inspection and determination that the vehicle had very low mileage, Hopps raised the trade-in value of the vehicle $575 over the N.A.D.A. estimate for wholesale value. Id.

Hopps' assessment of the condition of the Ford Explorer is corroborated by the deposition testimony of Christopher D. McCallister, who purchased the vehicle for Plaintiff. McCallister inspected the interior of the vehicle and checked under the hood and characterized it as "exceptionally clean" and "very, very clean". Defendant's Exhibit B, 2/19/01 Deposition of Christopher D. McCallister, p. 34. McCallister asked Defendant Jensen if the vehicle had only thirteen thousand miles on it and she said yes. Id. at 28, 33.

Plaintiff argues that the issue of Defendant Albuquerque Lincoln Mercury's intent to defraud cannot be resolved by summary judgment. Plaintiff further contends that the inferences which should be drawn from the evidence regarding Defendant's knowledge and intent are disputed. While the Court agrees that all reasonable inferences from the evidence should be drawn in favor of the non-moving party, Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150 (2000), Plaintiff must go beyond the pleadings and establish, through admissible evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact. Celotex Corp v. Cattret, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Plaintiff is required to come forward with evidence to contradict that provided by Defendant Albuquerque Lincoln Mercury which shows that Albuquerque Lincoln Mercury investigated the condition of the Ford Explorer and found it to be consistent with the mileage shown on the odometer and the declaration of Defendant Cindy Jensen.

Plaintiff asserts that the retail buyer of the vehicle, David Madsen, contacted the Motor Vehicle Division of the New Mexico Department of Taxation and Revenue and determined the mileage shown on previous odometer disclosure statements from sales of the Ford Explorer and discovered the discrepancy. Plaintiff contends that the question of whether Defendant Albuquerque Lincoln Mercury should have made the same inquiry and that the question of whether such an inquiry should have been made should be submitted to the jury. However, Plaintiff's states in its brief that "after noting frequent need of repairs" Madsen contacted the state Motor Vehicle Division. This Court can find no case holding that the transferor of an automobile is required to search the history of transfers of the vehicle in order to satisfy the requirements of the Odometer Act. Plaintiff does not cite any such case and the Court is unwilling to legislate such a requirement in this instance.

Plaintiff also contends that Defendant Cindy L. Jensen stated that the sales manager at Albuquerque Lincoln Mercury knew that the miles on her vehicle were in excess of its mechanical limits when she traded it in. Plaintiff asserts that Jensen made that statement in a pleading filed with the Court. However, review of the pleadings filed with the Court reveals no certificate that Jensen has ever been served with a copy of the complaint, let alone filed a responsive pleading. Consequently, the Court will not consider this unsupported allegation.

Finally, Plaintiff asserts that a certification signed by Defendant Cindy Jensen and by an employee of Defendant Albuquerque Lincoln Mercury that the mileage stated in a power of attorney

5

disclosure is greater that the mileage of the Ford Explorer stated in the Certificate of Title. Plaintiff argues that the certification is tantamount to a warrant of the correctness of the mileage shown on the Odometer Disclosure Statement. Plaintiff also asserts, without the support of caselaw, legislative history, or regulatory text that because the language of the certification regarding mileage is required by regulations adopted by the Department of Transportation, the Odometer Act is rendered a strict liability statute. This Court does not agree. No support for that proposition can be found and the Court will not extend the law in that fashion.

Further, Defendants provide the reasonable and logical explanation that the Certificate of Title for the Ford Explorer read 7,811 miles when Cindy Jensen traded the vehicle to Defendant Albuquerque Lincoln Mercury. Defendant Albuquerque Lincoln Mercury's Reply in Support of Motion for Summary Judgment, Exhibit 1. That number reflected the mileage given when Jensen titled the vehicle. Because the vehicle's odometer registered 13,801miles when Defendant Albuquerque Lincoln Mercury transferred the vehicle to Plaintiff, the certification that the odometer registered more miles than were indicated on the Certificate of Title for the vehicle was required.

In sum, Defendant Albuquerque Lincoln Mercury's produced evidence in the form of the affidavit of Fred Hopps that it conducted a visual inspection and driving test of the Ford Explorer prior to accepting the vehicle in trade. The condition of the vehicle, combined with Hopps' knowledge that Defendant Cindy L. Jensen had worked for other car dealerships and the belief that she had access to demonstration vehicles at those jobs, thereby reducing wear on her personal vehicle, led Defendant Albuquerque Lincoln Mercury to believe that the vehicle's odometer reading of 13,801 miles was correct, despite the age of the vehicle. Plaintiff has not come forward with any evidence which indicates that Defendant Albuquerque Lincoln Mercury acted with an intent to defraud.

Consequently, summary judgment in favor of that Defendant is proper.

**IT IS THEREFORE ORDERED** that Defendant Albuquerque Lincoln Mercury's Motion for Summary Judgment is granted. Summary judgment is hereby granted in favor of Albuquerque Lincoln Mercury and that Defendant shall be dismissed from this action.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**